SECOND UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **DUANE RAINEY,**<br>Plaintiff,<br>**v.**<br><br>**HENGSHUAI AUTOMOTIVE, INC., NINGBO HENGSHUAI CO., LTD., NASH XU, LUTHER MA,**<br>Defendants. | **2:25-CV-11377-TGB-EAS**<br><br>HON. TERRENCE G. BERG<br><br>**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (ECF NO. 29),**<br><br>**DISMISSING PLAINTIFF'S SECOND AMENDED COMPLAINT (ECF NO. 9),**<br><br>**AND DENYING DEFENDANTS' MOTION TO DISMISS AND FOR A MORE DEFINITE STATEMENT AS MOOT (ECF NO. 19)** |

Pro se Plaintiff Duane Rainey sues Defendants Hengshuai Automotive, Inc., Ningbo Hengshuai Automotive Co., LTD, Nash Xu, and Luther Ma for age discrimination under 29 U.S.C. § 621 (Age Discrimination in Employment Act) and M.C.L.A. § 37.2101 (Michigan Elliot-Larsen Civil Rights Act).

## I. BACKGROUND

Plaintiff formerly worked as a quality engineer for Defendants Hengshuai Automotive, Inc. and Ningbo Hengshuai Automotive Co., LTD (collectively "the Company"). ECF No. 9 at ¶ 13. On October 28, 2025, he filed the operative Complaint against the Company and Defendants Ma and Xu for violating the Age Discrimination in Employment Act and the Michigan Elliot-Larsen Civil Rights Act. ECF No. 9. This Court referred the case to Magistrate Judge Elizabeth A. Stafford to resolve all pretrial matters under 28 U.S.C. § 636(b)(1). ECF No. 24. Defendants Ma and Xu filed a Motion to Dismiss and for More Definite Statement on January 16, 2026. ECF No. 19. On January 20, 2026, this Court gave Plaintiff the option to amend his complaint within 14 days or to respond to the motion. ECF No. 21. On March 6, 2026, Plaintiff moved for more time to respond to Defendants' motion because he had been incarcerated in the Oakland County Jail ("OCJ"). ECF No. 23.

Judge Stafford granted Plaintiff additional time, requiring his response by April 3, 2026. ECF No. 26. On that day, Plaintiff responded that he had been incarcerated but was being released from the OCJ that day. ECF No. 28. He called Judge Stafford's chambers on April 6, confirming that he would respond to Defendants' motion within a few days. ECF No. 29, PageID.113. After not receiving any substantive filing from Plaintiff, Judge Stafford filed the pending Report and Recommendation on April 23, 2026, dismissing Plaintiff's complaint for

failure to prosecute. Plaintiff timely objected to the Report and Recommendation on May 7, 2026, and asked this Court for an extension to respond to the Report and Recommendation. ECF No. 30, PageID.119. The Court granted that request on July 29, 2026, and required Plaintiff to respond by August 19, 2026. ECF No. 32, PageID.128. Plaintiff has failed to respond.

**Legal Standard**

***A. Objections to a Report and Recommendation***

Either party may serve and file written objections "[w]ithin fourteen days after being served with a copy" of a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). Objections must cite the specific portion of the report and recommendation to which they pertain.

"The District Court need only review the Magistrate Judge's factual or legal conclusions that are specifically objected to by either party." *See Ghaster v. City of Rocky River*, 913 F. Supp. 2d 443, 452–53 (N.D. Ohio 2012) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985)). Failure to object waives further review of a district court's adoption of the report and recommendation. *Pfahler v. Nat'l Latex Prods. Co.*, 517 F.3d 816, 829 (6th Cir. 2007). "[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear

enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (citation omitted). And "[t]he filing of vague, general, or conclusory objections" is insufficient to preserve issues for further review. *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001).

This Court must review de novo (as if it were considering the issues for the first time) the parts of a report and recommendation to which a party objects. *See* 28 U.S.C. § 636(b)(1). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge . . . [or] receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

### *B. Dismissal for Failure to Prosecute Standard*

Federal courts possess the inherent authority to dismiss a plaintiff's claim for failure to prosecute, even without a motion from the defendant. *See Link v. Wabash R. Co.*, 370 U.S. 626, 629–32 (1962) (stating that Federal Rule of Civil Procedure 41(b) does not impose restrictions on the courts' inherent authority). This authority serves "as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (quoting *Knoll v. AT&T*, 176 F.3d 359, 363 (6th Cir. 1999)). Under the local rules, when "the parties have taken no action for a reasonable time, the court

may, on its own motion after reasonable notice or on application of a party, enter an order dismissing or remanding the case unless good cause is shown." E.D. Mich. LR 41.2.

The Sixth Circuit has set forth four factors to be used as guidance when deciding whether a case should be dismissed for failure to prosecute under Rule 41(b): "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered." *Knoll*, 176 F.3d at 363. Although Plaintiff is proceeding pro se, and thus is held to less stringent standards, the leniency granted "is not boundless." *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). "[P]ro se litigants are not to be accorded any special consideration when they fail to adhere to readily-comprehended court deadlines." *Bunting v. Hansen*, No. 05-10116-BC, 2007 WL 1582236, at *2 (E.D. Mich. May 31, 2007) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)).

## II. Discussion

Judge Stafford recommended that this Court dismiss Plaintiff's Complaint because "he failed to respond to the dispositive motion, despite being granted more time to do so." ECF No. 29, PageID.115. Indeed, while Defendants Ma and Xu filed their Motion to Dismiss and for a More Definite Statement in January 2026, ECF No. 19, Rainey made no effort

to respond. His Objections to the Report and Recommendation, filed on May 7, 2026, represent the first response of any kind. ECF No. 30.

When addressing why he failed to respond after telling Judge Stafford's chambers that he would do so in a few days, he explained that he thought he had until after the Law Day Program on Friday, May 1, 2026, for pro se parties. ECF No. 30, PageID.119. Although this Court granted Plaintiff additional time to respond based on his showing of good cause, ECF No. 32, Plaintiff again failed to file a timely response. ECF No. 32, PageID.128. Although his response was due by August 19, 2026, Plaintiff has not provided the Court with any subsequent filings, nor has he responded to Defendants Ma and Xu's Motion to Dismiss and for a More Definite Statement, ECF No. 19.

"[I]t is well established that a pro se [plaintiff] does not show cause to excuse a procedural default merely based on his pro se status or ignorance of his rights." *Little v. Warden, Warren Correctional Inst.*, No. 1:05CV587, 2007 WL 3046425, at *7 (S.D. Ohio Oct. 17, 2007) (citing *Hannah v. Conley*, 49 F.3d 1193, 1197 (6th Cir. 1995)). Plaintiff can no longer rely on his previous confusion to excuse his delay. Eight months have passed since the Defendants Ma and Xu filed their motion, and Plaintiff's extension of time to file a response expired nearly a month ago.

Plaintiff's Objections to the Report and Recommendation cannot substitute for a full response to Defendants Ma and Xu's Motion to Dismiss and for a More Definite Statement, so the Magistrate Judge's

Report and Recommendation (ECF No. 29) will be adopted in large part. This Court gave Plaintiff more time to respond to those motions, ECF No. 32, but he failed to do so. Plaintiff's Objections will therefore be overruled, the Complaint dismissed for failure to prosecute, and the motion to dismiss denied as moot. Still, because there is no evidence that his delay has prejudiced defendants, *see* ECF No. 29, PageID.115, the Court will **DISMISS WITHOUT PREJUDICE**. *See Sandefur v. Ohio Cnty. Sheriff's Off.*, No. 4:24-CV-77-BJB, 2026 WL 49666, at *2 (W.D. Ky. Jan. 7, 2026) (dismissing for failure to prosecute without prejudice); *Reese v. Bolm*, No. 2:20-CV-4, 2021 WL 822334, at *1 (W.D. Mich. Feb. 9, 2021), *aff'd*, No. 21-1215, 2021 WL 7237937 (6th Cir. Oct. 12, 2021) (same).

## IV. CONCLUSION

For the reasons stated above, the Court **OVERRULES** Plaintiff's Objections (ECF No. 30) and **ADOPTS** Judge Stafford's Report and Recommendation (ECF No. 29) in large part. Plaintiff's Second Amended Complaint is **DISMISSED WITHOUT PREJUDICE** and Defendants' Motion to Dismiss or for More Definite Statement is **DENIED AS MOOT**.

**SO ORDERED.**

Dated: September 22, 2026 s/Terrence G. Berg

HON. TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE